UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:  6:12-CV-00861-GAP-GJK

UNITED STATES OF AMERICA,

      Plaintiff,

v.

TRIFACE INVESTMENTS, LLC, a
Florida limited liability company,

      Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS

Defendant, TRIFACE INVESTMENTS, LLC, by and through its undersigned attorneys and pursuant to Rules 12 and 19, Federal Rules of Civil Procedure, and Local Rule 3.01, moves this Court for an order dismissing Plaintiff's Complaint, and in support thereof states:

### Background

This is an action brought by the United States on behalf of the Department of Housing and Urban Development ("HUD") to quiet title to a condominium unit in Orange County, Florida which it had obtained as a result of a mortgage foreclosure action. When the Plaintiff failed to pay the Condominium Association assessments, the Condominium Association filed a lien (Complaint ¶ 7), and subsequently filed a foreclosure action in the Orange County Court (Complaint ¶ 8).

When the Plaintiff was served (Complaint ¶ 9) and failed to appear (Complaint ¶ 10), a default was entered against Plaintiff (Complaint ¶ 11). Subsequently, a Final Judgment was entered against Plaintiff (Complaint ¶ 12). On October 13, 2011, the property was sold at a foreclosure sale and a Certificate of Title was subsequently issued to the purchasers (Complaint ¶ 13). The purchasers at the foreclosure sale subsequently conveyed the property to a land trust (Complaint ¶ 14), which on December 9, 2011, sold the property to the Defendant (Complaint ¶ 15), who would not have had notice of the Plaintiff's claim which was not raised until 5 months after the purchase by Defendant.

[As an aside, Defendant would point out that there are at least four virtually identical cases pending in the United States District Court for the Middle District of Florida, with at least one in each of the three divisions. Since the instant case was the first one filed, it is in doubt as to whether it can avail itself of Local Rule 1.04 (b), and to avoid the potential of inconsistent results within the same District Court, it may behoove the Court to transfer all of those cases to this Court.]

Plaintiff's Complaint should be dismissed in that it fails to state a cause of action upon which relief can be granted, fails to join indispensable parties, and is brought in the wrong Court.

## MEMORANDUM OF LEGAL AUTHORITY

### Failure to State a Cause of Action

Plaintiff has filed what purports to be a Quiet Title claim which is based upon its assertion that it was "never properly served."  Plaintiff does not expound upon its basis for making that assertion, but its basis can be gleaned from identical claims raised in similar cases.  For example, in *Racquet Club Apartments at Bonaventure 4 South Condominium Association v. U. S. Secretary of Housing and Urban Development*, 2012 U. S. Dist. LEXIS 111835 (USDC Southern District of Florida Case No. 12 – 60459 –Civ) (Aug. 10, 2012), the court rejected the claim that the plaintiff in the state court foreclosure action must comply with the Federal Rules regarding service of process upon the United States.  In doing so, the court found that "HUD cites no authority for this remarkable proposition, and this court is aware of none."

Without citing any legal basis for doing so, Plaintiff seeks in Federal Court to use a Quiet Title cause of action to do what it failed to do in State Court.  Such relief is not provided for.

### Failure to Join an Indispensable Party

Rule 19, Fed. R. Civ. P., requires the joinder of a person as a party if:

(A)     in that person's absence, the court cannot accord complete relief among existing parties; or

(B)     that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

In the instant case, such Rule requires the joinder of the original foreclosing party, Central Park A Metrowest Condominium Association, Inc., the purchasers at the foreclosure sale, Pinemount Investments, Inc., R & S Homebuyers, LLC, and AA Florida Homebuyers, LLC, and the Defendant's grantor, Elite Trust & Escrow Company, LLC, as Trustee of the Unit 104 Building 6178 Central Part Condominium Land Trust.

If this Court were to grant the relief requested by Plaintiff, then it throws into question the State Court foreclosure proceeding and the amount paid to the Condominium Association for its lien for unpaid assessments, as well as the amounts paid by the purchasers at the foreclosure sale and the amounts to be due by Plaintiff. Plaintiff has made no assertion that it is not liable for Condominium Assessments. The grantor to the Defendant has a substantial interest in the outcome of this case in that it gave Defendant a warranty that it had good and marketable title to the property in question.  Thus, it is clear that this Court cannot accord complete relief without the joinder of these additional parties.

4

## Jurisdiction

As previously discussed, the State Court, after service on Plaintiff, entered a Final Judgment of Foreclosure against Plaintiff. The instant action is an attempt by the Plaintiff to collaterally attack that State Court Final Judgment of Foreclosure in Federal Court since it has missed the deadline to remove the State Court proceeding to Federal Court. *Racquet Club Apartments at Bonaventure 4 South Condominium Association v. U. S. Secretary of Housing and Urban Development*, 2012 U. S. Dist. LEXIS 111835 (USDC Southern District of Florida Case No. 12 – 60459 –Civ) (Aug. 10, 2012).

To allow the Plaintiff to proceed in Federal Court would allow it to circumvent the deadlines set forth in 28 U.S.C. §1446(b) for the removal of State Court actions to Federal Court. Further, Plaintiff has remedies in State Court, which for reasons not articulated by Plaintiff, Plaintiff is seeking to circumvent and avoid. In *Russell v. Phillip Morris USA, Inc.,* 464 Fed. Appx. 842, 2012 U.S. App. LEXIS 6176 (11th Cir. 2012), the court articulated the standard for applying collateral estoppel to a State Court Judgment:

> We give preclusive effect to state court judgments when two conditions are met: "(1) the courts of the state from which the judgment emerged would do so themselves; and (2) the litigants had a full and fair opportunity to litigate their claims and the prior state proceedings otherwise satisfied the applicable requirements of due process." <u>*Quinn v. Monroe Cnty*</u>, 330 F.3d 1320, 1329 (11th Cir. 2003).

5

In the instant case, since both parties were bound by the Final Judgment of Foreclosure, there is a mutuality of parties, *E.C. v. Katz*, 731 So. 2d 1268, 1269 (Fla. 1999), and collateral estoppel would be applied by the Florida Courts. As to the second requirement, the Plaintiff was given a "full and fair opportunity to litigate" but chose to waive that opportunity by failing to timely respond to the Summons and Complaint. Further, the Plaintiff continues to have an opportunity to litigate in State Court.

WHEREFORE, Defendant, TRIFACE ENTERPRISES, LLC, respectfully requests this Court dismiss Plaintiff's Complaint.

DATED this 20th day of August, 2012.

/s/Martin S. Friedman
Martin S. Friedman
Florida Bar No.:  0199060
SUNDSTROM, FRIEDMAN & FUMERO, LLP
766 N. Sun Drive, Suite 4030
Lake Mary, FL  32746
PHONE:  (407) 830-6331
FAX:  (407) 830-8522
mfriedman@sfflaw.com
Attorney for Defendant

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 20th day of August, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I mailed the forgoing document and notice of electronic filing by first-class mail to the following non-CM/ECF participants:  <u>NONE</u> .

<u>/s/Martin S. Friedman</u>
Martin S. Friedman
Florida Bar No.:  0199060
SUNDSTROM, FRIEDMAN & FUMERO, LLP
766 N. Sun Drive, Suite 4030
Lake Mary, FL  32746
PHONE:  (407) 830-6331
FAX:  (407) 830-8522
mfriedman@sfflaw.com
Attorney for Defendant