**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**-vs-**                                        **Case No.  6:12-cv-861-Orl-31GJK**

**TRIFACE INVESTMENTS, LLC,**

        **Defendant.**

## ORDER

This cause comes before the Court on a Motion to dismiss (Doc. 9) filed by Defendant, Triface Investments, LLC ("Triface") and a Response (Doc. 13) by Plaintiff, United States of America.

**I . Background**

The United States filed this action on June 7, 2012 seeking to quiet title on a condominium unit ("the Property") currently owned by Defendant. The United States Department of Housing and Urban Development ("HUD") acquired title to the Property in May, 2010, but failed to pay the condominium association fees. Four months later, the condominium association filed a lien against the Property for the unpaid fees and sued in Florida state court seeking damages and to foreclose on the lien. Since HUD never appeared in the case, a default was entered against it in December 2010 and the Property was sold on October 13, 2011. The original purchasers at the foreclosure sale sold the Property to another party, who sold it to Defendant. Defendant now claims to be the sole owner of the Property.

The Complaint asserts a single cause of action to quiet title on the Property because (1) the state court lacked "subject matter jurisdiction"[1] over HUD and (2) HUD was not properly served. Defendant now moves to dismiss pursuant to Fed. R. Civ. P. 12. The Court has jurisdiction pursuant to 28 U.S.C. § 1345.

## II. Standard

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to

---

[1] Essentially, the United States argues that the state court judgment of foreclosure is void because a state lien cannot attach to federal government property.

relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950-1951 (2009).

### III. Discussion

**1. Collateral Estoppel**

Collateral estoppel is an affirmative defense, generally not a basis for dismissal under Rule 12(b)(6). *See* Fed. R. Civ. P. 8(c)(1). Nevertheless, Defendant argues that this case should be dismissed in light of the state court judgment of foreclosure. The Complaint alleges, however, that the judgment is void for two reasons, "there is no jurisdiction in state court to foreclose a lien on property owned by the federal government," (Doc. 1, ¶ 19). *See, e.g., F.J.W. Bateson Co. v. United States ex rel. Bd. of Trustees of Nat'l Automatic Sprinkler Industry Pension Fund,* 434 U.S. 586, 589 (1978) ("a lien cannot attach to Government property" (quoting *F. D. Rich Co., Inc. v. U. S. for Use of Indus. Lumber Co., Inc.*, 417 U.S. 116, 122, 94 S. Ct. 2157, 2161, 40 L. Ed. 2d 703 (1974))),[2] and HUD was never properly served. *Alvarado v. Cisneros*, 919 So. 2d 585, 587 (Fla. 3d

---

[2] *See also, e.g., Armstrong v. United States*, 364 U.S. 40, 43, 80 S. Ct. 1563, 1566, 4 L. Ed. 2d 1554 (1960) (noting that property owned by the United States, "for the most obvious reasons of public policy, cannot be seized by authority of another sovereignty against the consent of the government."); *Van Brocklin v. Anderson (U.S. Reports Title: Van Brocklin v. Tennessee)*, 117 U.S. 151, 168, 6 S. Ct. 670, 679, 29 L. Ed. 845 (1886) (noting that "public and unoccupied lands, to which the United States have acquired title, either by deeds of cession from other states, or by treaty with a foreign country, congress, under the power conferred upon it by the constitution, 'to dispose of and make all needful rules and regulations respecting the territory or other property of the United States,' has the exclusive right to control and dispose of, as it has with regard to other property of the United States; and no state can interfere with this right, or embarrass its exercise.").

DCA 2006) (quoting *Great Am. Ins. Co. v. Bevis,* 652 So. 2d 382, 383 (Fla. 2d DCA 1995)); *see also* 50 C.J.S. Judgments § 725 n.3 ("A default judgment against a party who has not been properly served and has not entered an appearance is void for lack of jurisdiction."). While the propriety of the state court judgment may ultimately become an issue in this case, these allegations are sufficient to survive dismissal.

**2. Failure to Join Indispensable Parties**

Rule 19 of the Federal Rules of Civil Procedure requires the joinder of third parties in two situations, (1) where complete relief cannot be afforded without them; or (2) where a non-party claims an interest in the subject matter of the litigation, and that interest may be impaired, or leave an existing party subject to multiple or otherwise inconsistent obligations. Defendant claims that there are several such parties in this action: the condominium association, the three parties who purchased the Property at the foreclosure sale, and the trustee who owned the Property prior to transferring it to Defendant. Defendant argues that "[i]f this Court were to grant the relief requested by Plaintiff, then it throws into question the State Court foreclosure proceeding and the amount paid to the Condominium Association for its lien for unpaid assessments, as well as the amounts paid by the purchasers at the foreclose sale and the amounts to be due by Plaintiff." (Doc. 9 at 4). Defendant's argument is unavailing.

"An indispensable party is one whose relationship to the matter in controversy in a suit in equity is such that no effective decree can be entered without affecting his rights." *Hilton v. Atl. Ref. Co.*, 327 F.2d 217, 218 (5th Cir. 1964). None of the third-parties listed above have any present interest in the Property. They are not indispensable under Rule 19 simply because they might be affected by the outcome of this case. *See Mitchell v. Fed. Nat. Mortg. Ass'n*, 763 So. 2d 358 (Fla.

4th DCA 1998); *Wright & Miller*, 7 Fed. Prac. & Proc. Civ. § 1621 (3d ed.). Further, since Defendant is the sole owner of the Property, complete relief can be afforded without joining other parties.

It is therefore,

**ORDERED** that Defendant's Motion (Doc. 9) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 25, 2012.

Copies furnished to:

Counsel of Record
Unrepresented Party

**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**