UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:12-CV-00861-GAP-GJK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TRIFACE INVESTMENT, LLC, a
Florida limited liability company,

    Defendant.
_____/

## TRIFACE INVESTMENT, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, TRIFACE INVESTMENT, LLC ("TRIFACE"), by and through its undersigned attorneys, files this Answer and Affirmative Defenses to Plaintiff's Complaint.

### Answer

1. Deny. As set forth in TRIFACE's Affirmative Defenses below, jurisdiction for Plaintiff's claim is in the State Court from which this action arises.

2. Admit the action is brought on behalf of the Secretary of the Department of Housing and Urban Development ("HUD"), but deny it is entitled to the vindication of any sovereign rights or pecuniary interests of HUD.

3. Deny. TRIFACE is a Florida limited liability company. The name is actually Triface Investment (without an "s"), LLC.

4. Admit.

5. Deny.

6. Admit HUD became the owner and the Deed attached as Exhibit "A" is such conveyance, but deny the remainder.

7. Admit.

8. Deny the date of filing of the foreclosure action, which was actually November 12, 2012, and admit the case number is correct.

9. Admit.

10. Admit.

11. Admit.

12. Admit.

13. Admit, except for any implication of putting the word sold in quotation marks, and AA Florida Homebuyers should be AA Florida Homebuyers, LLC.

14. Admit, except AA Homebuyers should be AA Homebuyers, LLC.

15. Admit.

16. TRIFACE realleges and incorporates herein its responses to paragraphs 1-15 above.

17. Deny.

18. Deny.

19. Deny.

20. Deny.

21. Deny.

22. Admit that TRIFACE claims an interest in the property, but deny it is "HUD's property" or that its interest in the property is void, and therefore inferior to any interest of HUD.

23. TRIFACE is without knowledge of Plaintiff's agreement with its attorneys, and specifically denies any implication that Plaintiff may be entitled to attorney's fees against TRIFACE.

24. Deny.

## Affirmative Defenses

### I. Equitable Estoppel

1. The effect of Plaintiff's argument is that HUD is immune from the payment of condominium association dues and assessments.

2. The underlying Mortgage from which HUD's title to the property arose, recorded in Official Records Book 9581, Page 2806, of the Public Records of Orange County, Florida, includes an FHA Condominium Rider which was required, as Plaintiff acknowledges in paragraph 6 of its Complaint, to encourage private entities to lend money to homebuyers who could otherwise not qualify for a conventional loan and mortgage.

3. The FHA Condominium Rider requires the borrower to promise to pay all dues and assessments imposed by the Condominium Association, and

acknowledge that if the borrower does not pay such dues and assessments the lender may do so.

4.     Thus, Plaintiff knew when the original FHA loan was made that the property was subject to condominium association dues and assessments, and that, in the eventuality that Plaintiff obtained title as it did in this instance, its ownership would be subject to those same dues and assessments.

5.     Plaintiff is now equitably estopped from disavowing any responsibility for the payment of condominium association dues and assessments and the consequences of failing to make such payments.

## II. COLLATERAL ESTOPPEL

6.     Plaintiff was properly served with the Summons and Complaint in the State Court Foreclosure Action on November 18, 2010.

7.     Despite such service, Plaintiff failed to file any pleading in the State Court Foreclosure Action or otherwise participate in such action.

8.     Plaintiff has made no claim that it had made any payment of dues and assessments which are required of all owners of the condominium in which the property is located.

9.     A Final Judgment was entered against Plaintiff on September 15, 2011, for failing to pay condominium association dues and assessments, and the property was subsequently sold at a judicial sale.

10. In lieu of filing a Motion for Relief from Judgment in State Court pursuant to Florida Rule of Civil Procedure 1.540, Plaintiff has chosen to collaterally attack the Final Judgment through this independent action in Federal Court.

11. The doctrine of collateral estoppel or estoppel by judgment bars Plaintiff's recovery.

12. If the Plaintiff is successful in effectively voiding TRIFACE's title to the property, this Court would be vacating the State Court Judgment, the foreclosure sale and the Certificate of Title. Somehow, all subsequent transactions would have to be unwound and the delinquent dues and assessments of Plaintiff would have to be reinstated. Such an action by this Court would bring into question virtually all foreclosures involving any agency of the federal government, particularly HUD. Further, immunizing HUD from having to pay condominium assessments would jeopardize the financial viability of such associations.

### III. Unjust Enrichment

13. As a result of the Plaintiff failing and refusing to pay legitimate condominium assessments, TRIFACE has effectively paid the assessments that Plaintiff has defaulted on in the amount of $13,688.14 and all assessments subsequent to obtaining ownership.

14. Should this Court set aside the Deed to TRIFACE then Plaintiff will be unjustly enriched. In such case, the Court should impose an equitable lien on the

property, impress the property with a constructive trust, or require payment to TRIFACE.

### IV. Bona Fide Purchaser for Value

15. At the time of purchase, TRIFACE paid fair market value for the property in an arms-length transaction, unaware of any claim of Plaintiff, which was not raised until almost six months after TRIFACE's purchase.

16. TRIFACE is a bona fide purchaser for value of the property and its interest is superior to that of Plaintiff.

/s/Martin S. Friedman
Martin S. Friedman
Florida Bar No.: 0199060
SUNDSTROM, FRIEDMAN & FUMERO, LLP
766 N. Sun Drive, Suite 4030
Lake Mary, FL 32746
PHONE: (407) 830-6331
FAX: (407) 830-8522
Primary E-Mail: mfriedman@sfflaw.com
Secondary E-Mail: mparks@sfflaw.com
drudolf@sfflaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of October, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the forgoing document and notice of electronic filing by first-class mail to the following non-CM/ECF participants: <u>NONE</u> .

<u>/s/Martin S. Friedman</u>
Martin S. Friedman
Florida Bar No.: 0199060
SUNDSTROM, FRIEDMAN & FUMERO, LLP
766 N. Sun Drive, Suite 4030
Lake Mary, FL 32746
PHONE: (407) 830-6331
FAX: (407) 830-8522
mfriedman@sfflaw.com
Attorney for Defendant
