UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:  6:12-CV-00861-GAP-GJK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TRIFACE INVESTMENTS, LLC, a Florida limited liability company,

    Defendant.

_____

TRIFACE INVESTMENT, LLC, a Florida limited liability company,

    Third Party Plaintiff,

v.

ELITE TRUST & ESCROW COMPANY, LLC., a Florida limited liability company, as Trustee of the Unit 104 Building 6178 Central Park Condominium Land Trust; and AA FLORIDA HOME BUYERS, a Florida limited liability company, as beneficiary of the Unit 104 Building 6178 Central Park Condominium Land Trust,

    Third Party Defendants.

_____

ELITE TRUST & ESCROW COMPANY, LLC., a Florida limited liability company, as Trustee of the Unit 104 Building 6178 Central Park Condominium Land Trust; and AA FLORIDA HOME BUYERS, a Florida limited liability company, as beneficiary of the Unit 104 Building 6178 Central Park Condominium Land Trust,

    Fourth Party Plaintiffs,

v.

CENTRAL PARK A METROWEST CONDOMINIUM ASSOCIATION, INC., a Florida non-profit corporation,

    Fourth Party Defendant.

_____/

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND EMBEDDED MEMORANDUM OF LAW**

Defendant, TRIFACE INVESTMENTS, LLC, by and through its undersigned attorneys and pursuant to Rule 56, Federal Rules of Civil Procedure, and Local Rule 3.01, moves this Court for Summary Judgment, and in support thereof states:

### Background

This is an action brought by the United States on behalf of the Department of Housing and Urban Development ("HUD") to quiet title to a condominium unit in Orange County, Florida which it had obtained as a result of a judicial mortgage foreclosure action. When the Plaintiff failed to pay the Condominium Association assessments, the Condominium Association filed a lien (Complaint ¶ 7), and subsequently filed a foreclosure action in the Orange County Court (Complaint ¶ 8).

When the Plaintiff was served (Complaint ¶ 9) and failed to appear (Complaint ¶ 10), a default was entered against Plaintiff (Complaint ¶ 11). Subsequently, a Final Judgment was entered against Plaintiff (Complaint ¶ 12). On October 13, 2011, the property was sold at a foreclosure sale and a Certificate of Title was subsequently issued to the purchasers (Complaint ¶ 13).  The purchasers at the foreclosure sale subsequently conveyed the property to a land trust (Complaint ¶ 14), which on December 9, 2011, sold the property to the Defendant (Complaint ¶ 15), who would not have had notice of the Plaintiff's claim which was not raised until 5 months after the purchase by Defendant.

Summary Judgment is appropriate since there are no disputed issues of fact and the state court foreclosure followed all due process procedure, and since this court is without jurisdiction.

MEMORANDUM OF LEGAL AUTHORITY

Jurisdiction

Pursuant to the *Rooker- Feldman* doctrine HUD must seek redress in the state court that entered the final judgment of foreclosure against it and this Court should decline to exercise its jurisdiction over the case.

The *Rooker-Feldman* doctrine precludes a "district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate" based on the Supreme Court's "appellate jurisdiction over state-court judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005) (internal citation omitted).

> In short, the doctrine holds that federal courts below the Supreme Court must not become a court of appeals for state court decisions. The state court appellant has to find a state court remedy, or obtain relief from the U.S. Supreme Court. The *Rooker-Feldman* doctrine is confined to cases that, like *Rooker* and *Feldman*, were 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and *inviting district court review and rejection of those judgments*.'

*Vasquez v. YII Shipping Co., Ltd.*, 692 F.3d 1192, 1195-96 (11th Cir. 2012) (quoting *Exxon Mobil Corp.*, 544 U.S. at 284) (emphasis added in *Vasquez*).

On September 15, 2011, the state court entered a final judgment of foreclosure after default against HUD (Complaint ¶ 12). On October 26, 2011, the state court issued a certificate of title to Pinemount Investments, Inc. (25%), R & S Homebuyers. LLC (25%), and AA Florida Homebuyers (50%) which was recorded on November 29, 2011. (Complaint ¶ 13). HUD initiated this action on June 7, 2012, without having sought to vacate the final judgment entered by the state court. As such, this Court is precluded from exercising subject matter jurisdiction over the final state court judgment because it

3

would necessarily have to review and reject the state court judgment which was rendered prior to the commencement of this action.

While the Court in *United States of America v. Angulo*, USDC MD, Fla., Case No. 8:12-cv-1379, (Dec. 12, 2012) overlooked 12 USCA '1702 in stating that the state court did not have jurisdiction to foreclose the ownership interest of HUD, it was correct in concluding that the *Rooker-Feldman* doctrine precludes the United States District Court from exercising subject-matter jurisdiction in this action.

### State Court Had Jurisdiction to Foreclose HUD's Ownership Interest

The final sentence of 12 U.S.C. § 1702, a part of the National Housing Act, provides that:

> The Secretary shall, in carrying out the provisions of this subchapter and subchapters II, III, V, VI, VII, VIII, X, IX-A, and IX-B, of this chapter, be authorized in his official capacity, to sue and be sued in any court of competent jurisdiction, State or Federal.

Similar to the instant case, in *Riordan v. Ferguson*, 147 F.2d 983 (2d Cir. 1945), the District Court denied the Government's motion to dismiss the complaint for lack of subject matter jurisdiction. The plaintiff sought to foreclose on a mortgage on property which the Federal Housing Administrator had subsequently acquired under the National Housing Act, the Government contending that through the Federal Housing Administrator was the record owner of the property, the real owner was the United States, which could not be sued, since the United States acquired the land as part of administering Chapter 13 and thus suit was within the intent of Congress when it gave its consent to "sue and be sued".

The decisions in *Secretary of Housing and Urban Development v, Sky Meadow Association*, 117 F. Supp. 2d 970 (USDC, CD Cal. 2000), and *Yunis v. United States*, 118 F.

Supp. 2d 1024 (USDC, CD Cal. 2000), upon which the Plaintiff relies, are have no bearing on the foreclosure in the instant case. As noted throughout both decisions, the question specifically involved whether vthe Constitution precluded a <u>non-judicial</u> foreclosure. The foreclosure at issue in the instant case involves a <u>judicial</u> foreclosure.

WHEREFORE, Defendant, TRIFACE ENTERPRISES, LLC, respectfully requests this Court enter a Summary Judgment.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 1st day of April 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I mailed the forgoing document and notice of electronic filing by first-class mail to the following non-CM/ECF participants:  <u>NONE</u>.

Respectfully submitted this 1st day of April, 2013, by:

Sundstrom, Friedman & Fumero, LLP
766 North Sun Drive, Suite 4030
Lake Mary, FL 32746
Phone: (407) 830-6331
Fax: (407) 830-8522
mfriedman@sfflaw.com
mparks@sfflaw.com
drudolf@sfflaw.com

/s/Martin S. Friedman
MARTIN S. FRIEDMAN
Florida Bar No.: 0199060
For the Firm